Warren BURK, Appellant,

v.

The ANN W. JONES CO., INC., and Ann W. Jones, Respondents.

No. WD 34730.

Missouri Court of Appeals, Western District.

Jan. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Application to Transfer Denied April 30, 1985.

Werner A. Moentmann, Richmond, for appellant.

Ronald S. Reed, Jr. (argued), Richard A. Heider, St. Joseph, for respondents.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Warren Burk sued to quiet title in a piece of island property located in the Missouri River in Carroll County. Mr. Burk's claim is based on a 1906 deed of trust by which his grandfather, Oliver K. Warren, conveyed the land in trust to Mr. Burk's mother, Elsie Burk, nee Warren. He contends that certain language in the deed caused his mother to take only a life estate with the remainder in fee going to Mr. Burk upon her death. Defendants, Ann W. Jones Co., Inc., and Ann W. Jones, claim title based upon conveyances by Oliver Warren and Elsie Warren Burk of their interests in the property to their predecessor in title. Defendants have been in possession of the property since 1935. The trial court held that the 1906 deed of trust conveyed to Elsie Warren Burk an estate in fee simple and entered judgment in favor of defendants. We affirm.

At the time of the 1906 conveyance Elsie was six years old. The deed in pertinent part provides as follows:

### DEED IN TRUST

THIS CONVEYANCE, made on this 11th day of January, 1906, by and between Oliver K. Warren, of the County of Craighead and State of Arkansas, party of the First Part, and George D. Warren, trustee, of the County of Carroll and State of Missouri, party of the Second Part, WITNESSETH:

That the said party of the First Part, for and in consideration of the sum of One Dollar ($1.00), to him in hand paid by the said party of the Second Part, and the beneficiary hereinafter named, the receipt of which is hereby acknowledged, does by these presents give, grant and sell, transfer, convey and assign, unto said Second Party, or to his successors in trust, the following tracts and parcels of land, to-wit:—...

....

With all rights, privileges, and appurtenances thereto belonging, or in any wise appertaining unto the said Second Party, or his successors in trust; in trust, however, for the sole, separate use, benefit and behoof of my daughter, Elsie Warren, ... When the said Elsie Warren shall have reached the age of twenty-one (21) years, the absolute title to the land above described shall vest in her and the heirs of her body, and the said Second Party, or his successors in trust, shall make, execute and deliver to said beneficiary herein a good and sufficient deed, conveying the land above de-

scribed, in default of which the fee simple title shall ipso facto immediately vest in said Elsie Warren and the heirs of her body.

The chief purpose of this conveyance is to substantially provide for my child, Elsie Warren, by divesting myself of the title to the land above described, and vesting same in George D. Warren as trustee for said Elsie Warren, and nothing herein contained shall be construed to vest any right, title or interest in and to said premises in said George D. Warren, only as trustee for the uses and purposes herein expressed.

The said trustee and beneficiary herein shall take and hold the premises free and clear from any liens, debts, obligations or incumbrances of any kind or character, done or suffered by said First Party, and the said First Party hereby covenants and agrees to warrant and defend the title to said real estate against the lawful claims of all persons whomsoever to the said party of the Second Part, and to the beneficiary herein, their heirs and assigns. . . .

Plaintiff asserts that the language in the granting clause of the deed providing that "when the said Elsie Warren shall have reached the age of twenty-one (21) years the absolute title to the land above shall vest in her and the heirs of her body" conveyed to Elsie a life estate in the property with a remainder in fee simple going to the heirs of her body in accordance with § 442.470.[1] Elsie Warren Burk died in 1977, and Mr. Burk is her only bodily heir.

In 1934 and 1935, Elsie Warren Burk and Oliver Warren by their respective quitclaim deeds conveyed their interests in the property to the defendants' predecessor in title.

Plaintiff argues that the only interest ultimately conveyed to the defendants was Elsie Warren Burk's life estate and that upon her death the fee simple remainder passed to her son, plaintiff Burk.

Count I of plaintiff Burk's petition seeks to quiet title in him, and Count II is an action for ejectment and damages. The jury returned a verdict in favor of defendants on the second count, and plaintiff does not appeal from the judgment on that count. Count I was tried to the court, and the judge found in favor of defendants on the ground that the 1906 deed, construed as a whole, conveyed fee simple title to Elsie Warren when she reached the age of twenty-one.

Plaintiff's point on appeal is that the court erred in construing the deed of trust as ultimately conveying an estate in fee simple to his mother. He argues that a positive rule of law which existed in 1906 and which is still effective today, dictates that the language "heirs of her body" in the 1906 deed in trust created a life estate in her and a remainder in fee simple in her heir, Mr. Burk. Plaintiff argues that this "positive rule of law" controls in spite of any contrary intention of the grantor. He further argues that the granting clause of the deed containing the above language prevails over other clauses which are repugnant to and in conflict with the granting clause.

In a case tried to the court, the scope of our review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en banc). We hold that the trial court correctly declared and applied the law in construing the 1906 deed at issue.

1. Unless otherwise indicated, all sectional references are to Revised Statutes of Missouri, 1978, as amended.

§ 442.470 provides:

In cases where, by the common or statute law of England, any person might become seized in fee tail of any lands, by virtue of any devise, gift, grant or other conveyance, or by any other means whatsoever, such person, instead of being seized thereof in fee tail, shall be deemed and adjudged to be, and shall

become, seized thereof for his natural life only; and the remainder shall pass in fee simple absolute to the person to whom the estate tail would, on the death of the first grantee, devise or donee in tail, first pass according to the course of the common law, by virtue of such devise, gift, grant or conveyance.

An earlier version of this statute was in effect in 1906. § 4592, Revised Statutes of Missouri, 1899.

The trial court correctly stated in its findings that, if the language in the deed in trust relied upon by plaintiff to establish his claim was the only language in the deed referring to the type of estate created, then judgment would have to be entered in favor of plaintiff. But the court went on to construe the document as a whole, finding that the grantor's intent was ultimately to convey fee simple title to his daughter.

Mr. Burk believes the court was incorrect because, he says, where a controlling positive rule of law is applicable to a deed, it controls even in the face of a contrary intent of the grantor. That formulation, however, is not the precise rule to be applied in the circumstances before us.

■ The words "heirs of the body" have acquired a definite meaning that will prevail unless an intention to the contrary appears in the instrument. *Tucker v. Holder*, 359 Mo. 1039, 225 S.W.2d 123, 125 (1949); *Owen v. Trail*, 302 Mo. 292, 258 S.W. 699, 701 (1924) (en banc). In construing a deed, the court's major task is to find the grantor's intent within the four corners of the instrument. *Knox College v. Jones Store Co.*, 406 S.W.2d 675, 679–80 (Mo. 1966); *Leeper v. Leeper*, 347 Mo. 442, 147 S.W.2d 660, 662 (1941). The grantor's intent may be found anywhere in the document, and it will be enforced no matter where it may appear. *Id.* Finally, the court will disregard technicalities and treat all uncertainties in the instrument as ambiguities to be resolved by resort to the grantor's intent as found in the deed itself, to circumstances leading up to and surrounding its execution, "and the subject matter and the situation of the parties as of that time." *Id.* Here the issue is whether the grantor's intent was clearly contrary to the meaning the plaintiff ascribes to the language "heirs of her body." Does the instrument reveal an intent to convey fee simple title to Elsie Warren contrary to the meaning ordinarily ascribed to that language?

■ After examining the entire instrument, we agree with the trial court that Oliver Warren intended to convey to Elsie

Warren fee simple title upon her reaching the age of twenty-one.

The words "heirs of her body" first appear in the granting clause of the instrument. Immediately following that language, the same clause reads:

and said Second Party [the trustee], or his successors in trust, shall make, execute and deliver to said beneficiary herein a good and sufficient deed, conveying the land above described, in default of which the fee simple title shall ipso facto immediately vest in said Elsie Warren and the heirs of her body.

That sentence evidences an intent to convey fee simple title to Elsie Warren in that if the trustee had defaulted in his duty to convey the property to Elsie, fee simple title was to vest ipso facto in Elsie and the heirs of her body. The deed does not say that a life estate will vest in Elsie; it says that fee simple title will vest in her. In the latter sentence also the scrivener used the expression "heirs of her body," but the context of the whole deed leads us to conclude that he believed that "heirs of her body" was language necessary to convey the fee simple title to Elsie. (Section 442.-470 and its predecessors were not intended to penalize for the conveyancing errors of inartful scriveners.)

The instrument further provides that the "chief purpose" of the conveyance was "to substantially provide" for the grantor's daughter, Elsie Warren. Nowhere in the instrument does the grantor state that he wishes to provide for the children or future heirs of his daughter. Perhaps his reason for doing so was that Elsie was six years old at the time of the conveyance and obviously had no offspring. But we may logically assume that if the grantor intended to provide for his daughter's offspring by conveying to them the property in fee simple upon her death, he would not have said only that the "chief purpose" of the conveyance was to provide for his child Elsie without mention of anyone else. As we have already noted, the grantor's intent controls in construing a deed in such cir-

cumstances. *Tucker v. Holder, supra; Owen v. Trail, supra.*

The warranty clause of the deed adds a bit of confusion by providing that the grantor will defend the title against the claims of all persons "whomsoever to the said party of the Second Part [trustee], and the beneficiary herein, their heirs and assigns." At that point the instrument does not mention "heirs of her body" but refers to "heirs and assigns." The warranty provision does recite "their heirs", which in that context must be construed to mean that the grantor was warranting to defend claims against both the trustee and the beneficiary.

In *Tennison v. Walker*, 190 S.W. 9, 12–13 (Mo.1916), the court described the words "heirs and assigns" as "most apt words to convey a fee." Although *Tennison* is distinguishable in that the grantee was a purchaser and not a donee, nevertheless, it supports the conclusion that Mr. Warren intended to convey the fee to his daughter, particularly in that it holds that the grantor's use of the words "her bodily heirs *and assigns*" indicates that the grantee had the power to dispose of the land during her life. The use of the word "assigns" presupposes that the grantor contemplated that the grantee and her heirs might transfer the land to another, otherwise the word would have no meaning whatsoever. *Id.* at 12.

Less significantly, the deed in four places uses the singular "beneficiary" rather than the plural "beneficiaries." One may reasonably assume that a grantor intending to provide for both his daughter and her heirs would use the plural. The defendants argue that Elsie was only six at the time of the deed and had no "heirs of the body", but a grantor who wanted to provide for such heirs in all likelihood would use the plural, whether or not the offspring were in existence at the time. In *Adams v. Cary*, 226 S.W. 833, 834 (Mo. 1920), the Supreme Court found that the use of the singular throughout a deed in which the term "heirs of the body" was used evidenced the grantor's intent to con-

vey a fee and not a life estate. The *Cary* court also found it significant that the warranty clause of the instrument referred to "heirs and assigns." As we have already observed, the deed at issue here contains similar language.

The plaintiff also argues that the court erred in finding the trust deed to be ambiguous. His argument is easily refuted since the language in the document lends itself to two different meanings. But we do not rest our decision on a finding that the 1906 deed is ambiguous. Like the trial court, we are only examining the contents of the document itself without resort to an examination of surrounding circumstances.

■ Plaintiff's final argument is that the granting clause prevails over subsequent conflicting and repugnant clauses. He argues that the other clauses in the instrument are inconsistent with the use of the language "heirs of her body" in the granting clause. He principally relies upon *Petty v. Griffith*, 165 S.W.2d 412 (Mo. 1948), as authority for this point. The rule set out at 415 in *Petty* is as follows:

> If repugnancy or irreconcilable conflict exists, of course, the clause in which estates are usually defined and granted would prevail over a subsequently conflicting clause. But, as the case is with the grantees so is it as to repugnancy in other respects, even if various clauses do conflict, yet if the intention of the parties may be gathered from the whole instrument, rather than from particular, segregated clauses, that intention will prevail and be given effect if possible and if it is not contrary to some positive rule of law....

The rule requires that the granting clause prevail over other clauses in a deed where they irreconcilably conflict with or are repugnant to the provisions of the granting clause. But where two clauses are merely inconsistent, as they are here, the paramount rule is to give effect to the intention of the parties as gleaned from an examination of the whole instrument. The granting clause prevails over other conflicting clauses only when the intention of the par-

ties cannot be ascertained from an examination of the entire instrument. *Pike v. Menz*, 218 S.W.2d 575, 578 (Mo.1949). In examining the entire instrument here, we have already found that the grantor's intention was to convey fee simple title to Elsie Warren.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.